IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

VINCENT NIGRO )
)
v. ) NO. 3:04-0081
) JUDGE CAMPBELL
CHARLES G. BLACKARD, III, et al. )

MEMORANDUM

Pending before the Court are Defendant Williams' Motion to Dismiss (Docket No. 30), Defendant Williams' Motion for Summary Judgment (Docket No. 34). For the reasons stated herein, Defendant Williams' Motion for Summary Judgment is GRANTED, and Defendant Williams' Motion to Dismiss is, therefore, DENIED as moot.

FACTS

Plaintiff's Complaint, filed January 29, 2004, by attorney August C. Winter, alleges legal malpractice against two Tennessee attorneys, Defendants Charles G. Blackard and Ernest W. Williams. Docket No. 1. Plaintiff asserts that the Defendants represented him — first, Defendant Blackard and secondly, Defendant Williams — in his divorce action in the Circuit Court of Williamson County, Tennessee during the period 2000-2002. Plaintiff contends that both Defendants were professionally negligent in their legal representation of Plaintiff, resulting in damage to Plaintiff's financial interests. Both Defendants have denied the allegations of negligence.

In April of 2005, the Court entered an Order allowing Mr. Winter to withdraw from representation of Plaintiff in this action. Docket No. 28. On May 9, 2005, John Banks Link III entered an appearance as counsel for the Plaintiff (Docket No. 31) and requested additional time in which to respond to Defendant Williams' pending Motions. Docket Nos. 40 and 42. Thereafter,

the Magistrate Judge denied Plaintiff's Motion to Amend the Scheduling Order, stating that Plaintiff has been "extremely negligent in responding to legitimate defense requests" and has "long since used up his entitlement to extensions." Docket No. 38. Nonetheless, in light of new counsel's request, the Court granted Plaintiff an extension until June 24, 2005, to respond to the pending Motions. Docket No. 43.

On June 24, 2005, Plaintiff filed a Supplemental Response to Motion for Summary Judgment (Docket No. 45), the Affidavit of Mark A. Rassas (Docket No. 46), his Response to Defendant's Statement of Undisputed Material Facts (Docket No. 47), Plaintiff's Concise Statement of Additional Facts (Docket No. 48), and Plaintiff's Supplemental Response to Defendant Williams' Motion to Dismiss (Docket No. 49).[1]

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

---

[1] Plaintiff's document entitled "Argument" states as follows: "The Plaintiff, Vincent Nigro, is legally bound by the law and it's (sic) rules to comply with this Court's Orders. This, he has not done. As has been pointed out in his Supplemental Response to the Motion to Dismiss by Defendant Williams, the Plaintiff, Vincent Nigro, appears to be handicapped by mental problems that have become so serious that he can not function." Docket No. 45, p. 2.

2

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## LEGAL MALPRACTICE

In order to make out a *prima facie* legal malpractice claim, the Plaintiff must produce competent evidence showing (1) that Defendant owed a duty to Plaintiff; (2) that Defendant breached that duty; (3) that Plaintiff suffered damage; and (4) that the Defendant's breach proximately caused that damage. Horton v. Hughes, 971 S.W.2d 957, 959 (Tenn. Ct. App. 1998). When determining whether a lawyer breached a duty, the question becomes whether the lawyer failed to exercise the degree of care, skill, and diligence commonly possessed and exercised by other attorneys practicing in the same jurisdiction. Id. Except for obvious, common sense mistakes, establishing the applicable standard of care and determining whether a lawyer breached that standard require expert evidence. Id.

In other words, the proof of the standard of care in the legal malpractice case must be by expert testimony. Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C., 813 S.W.2d 400, 406 (Tenn. 1991); Rose v. Welch, 115 S.W.3d 478, 484 (Tenn. Ct. App. 2003). Likewise, whether the lawyer's conduct in a given case departed from the applicable standard should also be proved by expert testimony. Id. at 484-485; see also Cleckner v. Dale, 719 S.W.2d 535, 540 (Tenn. Ct. App. 1986).

In this case, Plaintiff has presented one Affidavit in response to Defendant Williams' Motions, that of Mark A. Rassas. Docket No. 46. Mr. Rassas is an attorney in Clarksville,

3

Tennessee, and offers testimony concerning the representation by Defendant Blackard and Defendant Williams. Id. Mr. Rassas states that any material failure to comply with a local rule of a trial court or with a rule of the court of appeals, without reasonable excuse, certainly constitutes a standard of care breach. Id. From the record provided to Mr. Rassas, he "suggests" that Defendant Williams failed to comply with the Local Rules of Williamson County and the Rules of the Court of Appeals. Rassas states that he is, however, unable to determine whether Defendant Williams has any reasonable excuse for the alleged deficiencies. Id. Thus, Mr. Rassas concludes, with regard to Defendant Williams, that he cannot opine whether Defendant Williams' alleged failure to comply with court rules constitutes a standard of care violation. Docket No. 46, p. 2.[2]

The Court finds that Plaintiff has failed to carry his burden of proof as to Defendant Williams, and his legal malpractice claim against this Defendant must fail. Accordingly, Defendant Williams' Motion for Summary Judgment (Docket No. 18) is GRANTED, and Plaintiff's claims against Defendant Williams are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[2] In contrast, Defendant Williams' Affidavit unequivocally provides that Defendant Williams did not fail to comply with the applicable standard of care in representing the Plaintiff. Docket No. 37.